UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KADAR LEE, on behalf of himself and all others similarly situated,<br><br>  Plaintiff(s),<br><br>  -against-<br><br>UNITED REVENUE COLLECTION SERVICE; DANIEL CARANGI; MICHELLE CARANGI,<br><br>  Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, UNITED REVENUE COLLECTION SERVICE ("UNITED REVENUE"); DANIEL CARANGI; MICHELLE CARANGI and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the Defendant does business in this district, and the conduct complained of occurred in New Jersey and Pennsylvania.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. UNITED REVENUE maintains a location at 668 Woodbourne Road, Suite 107, Langhorne, Pennsylvania 19047.

7. DANIEL CARANGI, at all times relevant hereto, is a principal, owner, director, shareholder and/or manager partner of UNITED REVENUE and personally implemented and engaged in, acted, managed and oversaw the illegal policies and procedures complained about herein.

8. In addition, DANIEL CARANGI is an alter ego of UNITED REVENUE.

9. MICHELLE CARANGI at all times relevant hereto, is a principal, owner, director, shareholder and/or manager partner of UNITED REVENUE and personally implemented and engaged in, acted, managed and oversaw the illegal policies and procedures complained about herein.

10. In addition, MICHELLE CARANGI is an alter ego of UNITED REVENUE.

11. Defendants use the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

12. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey and Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey and Pennsylvania consumers who were sent letters and/or notices from Defendants (*See* **Exhibit A)**, which displayed the addressee's account number and/or file number on or through the window of the envelope or which otherwise revealed the addressee's account number and/or file number on or through the envelope.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to February 4, 2022, Plaintiff allegedly incurred a financial obligation to PHILADELPHIA SQUARE MGT CO, APTS IV ("PHILADELPHIA SQUARE APTS").

22. The PHILADELPHIA SQUARE APTS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Plaintiff allegedly incurred the PHILADELPHIA SQUARE APTS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24. The PHILADELPHIA SQUARE APTS obligation did not arise out of a transaction that was for non-personal use.

25. The PHILADELPHIA SQUARE APTS obligation did not arise out of transactions that were for business use.

26. The PHILADELPHIA SQUARE APTS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. PHILADELPHIA SQUARE APTS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. On or before February 4, 2022, PHILADELPHIA SQUARE APTS referred the PHILADELPHIA SQUARE APTS obligation to Defendants for the purpose of collections.

29. At the time the PHILADELPHIA SQUARE APTS obligation was referred to Defendants, the PHILADELPHIA SQUARE APTS obligation was in default.

30. Defendants caused to be delivered to Plaintiff a letter dated February 4, 2022, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

31. The February 4, 2022 letter was sent to Plaintiff in connection with the collection of the PHILADELPHIA SQUARE APTS obligation.

32. The February 4, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. DANIEL CARANGI authored and/or approved of the sending of the February 4, 2022 letter.

34. MICHELLE CARANGI authored and/or approved of the sending of the February 4, 2022 letter.

35. Upon receipt, Plaintiff read the February 4, 2022 letter.

36. The February 4, 2022 letter provided the following information regarding the balance claimed due on the PHILADELPHIA SQUARE APTS obligation:

CURRENT BALANCE: $2,833.55

37. The February 4, 2022 letter also displayed Plaintiff's account number and/or file number with Defendants.

38. As part of Defendants' customary and usual practice, the February 4, 2022 letter was mailed in a window envelope.

39. The February 4, 2022 letter exposed Plaintiff's account number and/or file number on or through the window envelope so that other parties viewed it.

40. The account number and/or file number constitutes personal identifying information.

41. The account number and/or file number is a piece of information that can identify the Plaintiff and further, identify the Plaintiff as a debtor.

42. The account number and/or file number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor. And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (3rd Cir. 2014).

43. Defendants' purposeful disclosure of Plaintiff's account and/or file number to other persons constituted an invasion of privacy.

44. UNITED REVENUE knew or should have known that its actions violated the FDCPA.

45. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Using language and/or symbols on or appearing through envelopes mailed to consumers that reveal information other than the debt collector's address.

47. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New Jersey and Pennsylvania within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

48. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. Defendants violated 15 U.S.C. § 1692f by:

   a. using unfair and unconscionable collection practices in connection with the collection of a debt; and/or

    b.   using language and/or symbols on or which appeared through envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

51. Defendants violated 15 U.S.C. §1692f(8) by displaying the addressee's account number and/or file number on or through the window envelope.

52. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

53. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

55. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

56. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

57. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

58. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

    (b)   Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 27, 2022

Respectfully submitted,

By: *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF& KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: February 27, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A

 

UNITED REVENUE COLLECTION SERVICE
P.O. BOX 1184
LANGHORNE PA 19047
TELEPHONE #215-750-3202
FAX #215-750-1844

20- 370079
KADAR LEE

MASTER #:
CREDITOR: PHILADELPHIA SQUARE MGT CO, APTS IV
ACCT#:       -LEASE DEFAULT
DATE: Feb 4, 2022                            CURRENT BALANCE: $2833.55

*********************** PROOF OF CLAIM ***********************

IN RESPONSE TO YOUR RECENT REQUEST FOR ADDITIONAL INFORMATION ON THE CLAIM, I HAVE ENCLOSED DOCUMENTATION FOR YOUR REVIEW. I HOPE THAT YOU FIND IT SATISFACTORY. IN ORDER TO EXPEDITE THIS MATTER, PLEASE REMIT THE FUNDS TO MY OFFICE PROMPTLY.

NOTE: MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO
"UNITED REVENUE COLLECTION SERVICE".

SINCERELY,
*mike Masters*
MIKE MASTERS
SR. COLLECTION AGENT

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

---

MASTER #:
CREDITOR: PHILADELPHIA SQUARE MGT CO, APTS IV
ACCT#:       -LEASE DEFAULT
DATE: Feb 4, 2022                            CURRENT BAL: $2833.55

KADAR LEE

BUSINESS HOURS:

MON-WED-FRI 9AM TO 5PM
TUES-THURS  9AM TO 7PM

MAIL TO:

UNITED REVENUE COLLECTION SVC
PO BOX 1184
LANGHORNE PA 19047

PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT

LCF-33